UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **BRETT ALAN HODSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. CIV-26-09-R |
| | ) | CIV-26-10-R |
| **US COURT WESTERN DISTRICT,** | ) | CIV-26-37-R |
| | ) | CIV-26-62-R |
| **Defendant.** | ) | |

## ORDER

Plaintiff, proceeding pro se, has filed four separate Complaints that each name the "US Court Western District" as the defendant and seek relief for purported civil rights violations. Because all actions involve common questions of law and fact, they are suitable for consolidation under Federal Rule of Civil Procedure 42. Consolidation will serve the interests of justice, avoid unnecessary costs and delays, and promote judicial economy.

Accordingly, the Court concludes that the actions should be consolidated. The action filed in CIV-26-10-R, CIV-26-37-R, and CIV-26-62-R are hereby consolidated with Case No. CIV-26-09-R for all purposes and are administratively closed. All the allegations, orders, and filings in CIV-26-10-R, CIV-26-37-R, and CIV-26-62-R are hereby deemed filed in the consolidated action, CIV-26-09-R, and all future filings should be made only in CIV-26-09-R.

Additionally, upon review of the filings, the Court strikes Plaintiff's Complaints[1] and supplemental materials for failure to comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This Rule "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The standard articulated by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Thus, to meet Rule 8's standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This typically requires a complaint to "explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what

---

[1] The action filed at CIV-26-10-R was originally assigned to Judge Dishman. Before the action was transferred to the undersigned, Judge Dishman entered an order striking Plaintiff's Complaint for failure to comply with Rule 8 and granting Plaintiff until January 27, 2026 to file an amended pleading. This order is in accord with Judge Dishman's order, but extends the deadline to file an amended pleading to February 9, 2026.

specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id*. Additionally, Rule 8(d) requires "[e]ach allegation must be simple, concise, and direct."

Here, Plaintiff's allegations are conclusory, disjointed, and lack sufficient facts to state a plausible claim. Additionally, the allegations are spread out across multiple supplemental filings. Although a pro se litigant's pleadings are to be construed liberally, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Accordingly, the Court strikes Plaintiff's Complaints. Plaintiff may cure the deficiencies by filing an amended complaint by February 9, 2026. The amended complaint must follow the general rules of pleading set out in Federal Rule of Civil Procedure 8 and be short and plain statement that is in a reasonable and manageable format, provides the basis for the Court's jurisdiction, contains all of Plaintiff's allegations, names all defendants, and identifies the specific relief Plaintiff seeks. A failure to file an amended complaint by February 9, 2026 or otherwise comply with this order will result in dismissal of this action without prejudice.[2]

---

[2] On January 7, 2025, Judge Maxfield entered an order [Doc. No. 6] in CIV-26-09 granting Plaintiff until January 28, 2026 to supplement his Application to Proceed in District Court Without Prepaying Fees or Costs. This order does not affect Judge Maxfield's order and Plaintiff must comply with that order. However, the order referring Plaintiff's Application

IT IS SO ORDERED this 20th day of January, 2026.

*David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

to Proceed in District Court Without Prepaying Fees or Costs filed in CIV-26-62 is withdrawn.

4